## 30719. BLANKS v. STYLES et al.

JORDAN, Justice.

This appeal is from a judgment entered on a jury verdict in an action to quiet title to land, for injunction, and other relief.

Mrs. John Styles and three of her daughters filed a complaint against Jimmy R. Blanks, alleging that he is claiming title to a portion of their land, and has committed acts of trespass on this land.

The common grantor of the parties was John Styles. He owned a tract of land of approximately 25 acres. In

1958 he deeded 3 acres, more or less, of this land to Winford and Louise Turner. He deeded one acre to another person. The remainder of the tract was set apart in 1959 as a year's support to Mrs. John Styles and her three minor daughters (plaintiffs in this action).

The chain of title of Jimmy Blanks originated in the Turners. The deed from John Styles to the Turners, after stating the Land Lot District and Number, described the property as follows: "Three acres more or less beginning at the east corner and running west to a rock corner; thence running southeast to the road; thence back to road to starting point."

In 1963 the Turners conveyed the property to M. C. Hannah, using the same description as in the deed from Styles to them. In the same year Hannah conveyed the property to R. L. Anderson. This deed conveyed 3 acres, more or less, and gave a detailed description by courses and distances. In 1964 Anderson conveyed the property to Herman Madden; in the same year Madden conveyed it to R. L. Anderson; and in 1967 Anderson conveyed it to Stanley R. Jones. These three deeds described the property by courses and distances.

In 1974 Jones conveyed the property to Jimmy R. Blanks. This deed conveyed 3 acres, more or less, and gave a detailed description by courses and distances.

Jimmy R. Blanks introduced a plat in evidence which shows that his property contains 5.88 acres. He contends that he owns this property under the description in his deed, and by adverse possession.

Mrs. Styles and her daughters introduced a plat in evidence drawn in conformity with their contentions as to the location of the original landmarks referred to in the deed from John Styles to the Turners. This plat shows that the property of Blanks contains 3.17 acres.

The jury found for the line as contended for by Mrs. Styles and her daughters. The errors enumerated in this appeal by Blanks pertain to the charge of the court.

1. The only title which Blanks obtained by his deed is to the land conveyed by John Styles to the Turners, unless he acquired title to additional land by the adverse possession of his predecessors in title.

The jury found from the evidence that the description

in the deed from John Styles to the Turners conveyed only the 3.17 acres as contended by Mrs. Styles and her daughters.

On the issue of prescriptive title, there was no evidence of continuous adverse possession for a period of seven years of the disputed property by predecessors in title of Blanks. No harmful error is shown, therefore, in enumerated errors 1, 3, and 4, which complain of the failure to charge certain principles of law in regard to prescriptive possession, and a charge given on evidence necessary to show adverse possession.

2. The second enumerated error asserts that the trial court erred in failing to charge that a deed containing an enumerated number of acres, "more or less," which also contains a description setting forth specific metes, bounds, and physical monuments, would convey the property specifically described.

The pertinent question for the jury in this case was where the markers were located which were specified in the deed from the common grantor to the predecessor in title of Blanks. It was not error, in the absence of a written request, to fail to charge the principle set out in this enumerated error.

*Judgment affirmed. All the Justices concur.*

Submitted January 14, 1976 — Decided February 24, 1976.

*Tisinger, Tisinger & Vance, David H. Tisinger,* for appellant.

*Word, Nicholson & Cook, Reuben M. Word, R. J. Brown,* for appellees.